

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00210-CV

KEANNA MCGUIRE, APPELLANT

V.

HARDIN ENDEAVORS LLC, APPELLEE

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. CC-2025-CV-0431, Honorable Benjamin A. Webb, Presiding

November 18, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Keanna McGuire, proceeding pro se, appeals a take-nothing judgment in favor of Appellee, Hardin Endeavors LLC, on her claim for damages related to the purchase of a used car. She maintains the trial court erred by excluding her evidence at trial which rendered the judgment unsupported by factually sufficient evidence.[1] Hardin

---

[1] McGuire's corrected brief contained no citations to legal authority, despite receiving a letter from the Clerk of this Court warning her of the deficiency in her brief and providing an opportunity to submit a compliant brief. TEX. R. APP. P. 38.1(i). Pro se litigants, like licensed attorneys, must comply with the rules

Endeavors did not favor this Court with a brief. Upon a review of the record, we do not find McGuire offered or attempted to offer any evidence at any point during the trial to support her claim. By contrast, Justin Thomas, Hardin Endeavors LLC's representative, offered contract documents into evidence showing McGuire purchased the used car "AS IS – NO DEALER WARRANTY" and "AS IS – SOLD WITHOUT WARRANTY." The trial court admitted them into evidence, and they support the judgment.

Specifically addressing McGuire's contention that the trial court erred by excluding her evidence, the trial court did not have the opportunity to exclude any evidence when it was never offered in the first place. TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1(a). Put simply, the trial court did not exclude what was never tendered. We therefore overrule the issue.

## CONCLUSION

The judgment of the trial court is affirmed.

Alex Yarbrough
Justice

---

of procedure. *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 705–06 (Tex. 2021). Although we address the merits of her argument, she has arguably waived her complaints by failing to cite any legal authority.